IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LLOYD JOHN CHARLES, A79 125 253 : | |
| Petitioner : | |
| v. : | Civil No. L-06-48 |
| : | |
| MICHAEL CHERTOFF, et al. : | |
| Respondents : | |

## MEMORANDUM

Pending is Lloyd John Charles's ("Charles") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. He challenges his continued detention pending removal from this country. No hearing is necessary because the parties have fully briefed the issues. See Local Rule 105.6 (D. Md. 2004). For the reasons stated herein, the Court will, by separate Order, DENY the Petition without prejudice and ORDER the Respondent to provide a report concerning Charles's removal status.

Charles, a native of Grenada, is currently detained at the St. Mary's County Detention Center.[1] On October 4, 2004, an Immigration Judge ordered that Charles be removed from the United States for overstaying his visa and for his conviction of an aggravated felony. His appeal was dismissed on March 8, 2005. His then filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of New York; the court construed the petition as a "petition for review" of the immigration court, and transferred it to the United States Court of Appeals for the Second Circuit. On December 22, 2005, the Second Circuit dismissed the petition and lifted a stay of removal.

On January 6, 2006, Charles filed the instant Petition asserting that his continued post-removal order is "prolonged" and "excessive." He does not challenge the decision finding him subject to removal.

In Zadvydas v. Davis, 533 U.S. 678, 690 (2001), the Supreme Court held that post-

---

[1] The Clerk shall strike the names of all Respondents with the exception of St. Mary's County Detention Center Warden Willenborg. See Rumsfield v. Padilla, 124 S.Ct. 2711, 2717-18 (2004) (proper respondent is the warden of the detention facility where the alien is being held).

removal-order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about an alien's removal from the United States, and does not permit indefinite detention.  After six months, if an alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  Zadvydas, 533 U.S. at 700.  If the Government response fails, the petitioner may be entitled to release from detention.

Charles remains in post-removal-order detention.  The Government has, however, notified this Court of its intention to remove Charles to Grenada on or about February 13, 2006.  [Docket No. 2].  This Court finds that the Government has rebutted Charles's claim that his detention violates the Supreme Court's holding in Zadvydas because he will be removed in the "reasonably foreseeable future."[2]

For the reasons stated herein, the Court will, by separate Order, DENY Charles's Petition and require a status report from the Respondent within 30 days of the date of the Order informing this Court of the status of his removal.

Dated this 6th day of February, 2006.

                                                            /s/
                                             Benson Everett Legg
                                             Chief Judge

---

[2] If a court reviews and stays a removal order, then the removal period begins on the date of the court's final order.  See 8 U.S.C. § 1231(a)(1)(B)(ii).  Therefore, Charles's removal period did not begin until December 22, 2005, when the Second Circuit lifted its stay of removal; he has been in detention for less than two months.  Accordingly, the Court also finds that Charles's current detention does not violate Zadvydas, as it is still within the "presumptively reasonable" six-month period.